IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHELAINE V. DAVIS, : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> JUDGE MATT MONROE, JUSTO : <br> CABRAL, VALDOSTA POLICE : <br> DEPARTMENT, and LOWNDES : <br> COUNTY SHERIFF DEPARTMENT, : <br> : <br> **Defendants.** : <br> _____ : | CASE NO: 7:24-cv-50-WLS |

## ORDER

On May 16, 2024, Plaintiff Shelaine V. Davis filed a Complaint for a Civil Case (Doc. 1) ("Complaint") against Judge Matt Monroe, Justo Cabral, Valdosta Police Department, and Lowndes County Sheriff Department. Presently before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form AO 239) (Doc. 2) ("IFP Application"). For the following reasons, Plaintiff's IFP Application (Doc. 2) is **GRANTED**. However, Plaintiff's Complaint (Doc. 1) is **DISMISSED, WITHOUT PREJUDICE**.

## DISCUSSION

Title 28 U.S.C. § 1915 allows district courts to authorize the commencement of a civil action without prepayment of the normally required fees upon a showing that the plaintiff is indigent and financially unable to pay the filing fee. 28 U.S.C. § 1915(a). Here, Plaintiff's affidavit shows that she is currently unable to prepay the Court's fees because she has a total monthly income of $600 from self-employment and average monthly expenses of $1700. (Doc. 2) Accordingly, Plaintiff's IFP Application (Doc. 2) is **GRANTED**.

However, notwithstanding any grant of IFP status, "the court shall dismiss the case at any time if the court determines that— . . . the action or appeal—(i) is frivolous or malicious;

1

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e); *see Watkins v. Joy*, 782 F. App'x 892, 893 (11th Cir. 2019) ("A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim on which relief may be granted." (internal quotation marks omitted) (citation omitted)). To successfully state a claim upon which relief can be granted, the Complaint must, among other things, allege facts and claims establishing that subject-matter jurisdiction exists. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (explaining that federal courts, as courts of limited jurisdiction, are "obligated to inquire into the subject-matter jurisdiction [on their own] whenever it may be lacking" (internal quotation marks omitted) (citation omitted)). The complaint must state a legally cognizable claim. *See* Fed. R. Civ. P. 8.

Federal Rule of Civil Procedure 8 also provides that a pleading "must contain a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). Subject matter jurisdiction may exist by virtue of federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Plaintiff's Complaint does not comply with Rule 8.

Plaintiff contends this Court has diversity jurisdiction. However, diversity is not presented by this case because all Parties are residents of Georgia. (Doc. 1 at 3)

The Complaint is an amalgamation of documents to state agencies, judicial officers, and the Attorney General of New York containing unclear references and conclusory allegations rather than allegations specific to the Defendants and related to specific grounds for action against such Defendants. As best the Court can decipher, even assuming Federal question jurisdiction may exist, Plaintiff seeks to appeal a state criminal proceeding involving a charge against Plaintiff for disorderly conduct. It is not clear whether the state court criminal proceeding has been concluded for appeal purposes under Georgia law. In addition, the documents reflect that Plaintiff also filed a civil action in the Superior Court of Lowndes County, Georgia, Case No. 2024-SC00325 in which she requests similar relief from the state civil court as that she is requesting from this Court.

> The Rooker–Feldman doctrine makes clear that federal district courts cannot review state-court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court. The

> doctrine applies to claims that were actually raised in the state court and those inextricably intertwined with that state judgment.

*Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1315–16 (S.D. Fla. 2011), *aff'd*, 477 F. App'x 558 (11th Cir. 2012) (internal quotation marks omitted) (citations omitted). It is clear that Plaintiff's claims here are inextricably intertwined with the state court criminal and civil proceedings. It is further clear that Plaintiff has remedies available under state law that she is pursuing.

Based on the foregoing, Plaintiff Shelaine V. Davis's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**, and Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** pending finalization of state court proceedings, including any available appeals.

**SO ORDERED**, this 11th day of June 2024.

                                                  /s/ W. Louis Sands
                                                **W. LOUIS SANDS, SR. JUDGE**
                                                **UNITED STATES DISTRICT COURT**