**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **SHELAINE V. DAVIS,** | : | |
| **Plaintiff,** | : | |
| v. | : | **CASE NO: 7:24-cv-50-WLS** |
| **JUDGE MATT MONROE, JUSTO CABRAL, VALDOSTA POLICE DEPARTMENT, and LOWNDES COUNTY SHERIFF DEPARTMENT,** | : | |
| **Defendants.** | : | |

## ORDER

Before the Court is Shelaine V. Davis's *pro se* Plaintiff's Motion for Relief from Judgment Pursuant to FRCP 60(b) and Notice of Extradistrict Predicate Extortion (Doc. 8) ("Motion for Relief") filed October 29, 2026. For the reasons stated below, the Motion is **DENIED**.

Before proceeding further, the Court needs to clarify who are the proper plaintiffs in this matter. The Court notes that, without having filed a proper motion to join or add a party, Plaintiff, in her Motion for Relief, added her son, Altwan Davis, as a plaintiff in the caption of this case. Mr. Davis also signed the Motion for Relief on his own behalf. However, Mr. Davis was not a party to the action which is the subject of Plaintiff Shelaine V. Davis's Complaint in this case; and is, thus, not properly added as a party to this action. The Court declines to modify the caption of this case to add Mr. Davis. As used herein, the term "Plaintiff" refers only to Shelaine V. Davis.

### I. PROCEDURAL BACKGROUND

On May 16, 2024, Plaintiff Shelaine V. Davis filed a Complaint for a Civil Case (Doc. 1) ("Complaint") against Judge Matt Monroe, Justo Cabral, Valdosta Police Department, and Lowndes County Sheriff Department. On that same date Plaintiff also filed an Application to

Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") which the Court granted.

However, upon the Court's review of Plaintiff's Complaint under 28 U.S.C. § 1915, the Court determined that it did not have diversity jurisdiction as Plaintiff alleged because all Parties were residents of Georgia.[1] Further, the Complaint consisted of an amalgamation of documents to state agencies, judicial officers, and the Attorney General of New York containing unclear references and conclusory allegations rather than allegations specific to the Defendants and related to specific grounds for action against such Defendants. As best the Court could decipher, even assuming Federal question jurisdiction might have existed, Plaintiff sought to appeal a state criminal proceeding involving a charge against Plaintiff for disorderly conduct. It was not clear whether the state court criminal proceeding had been concluded for appeal purposes under Georgia law. In addition, the documents showed that Plaintiff had filed a civil action in the Superior Court of Lowndes County, Georgia, Case No. 2024-SC00325, in which she requested similar relief from the state civil court as that she was requesting from this Court. Therefore, the Court found that Plaintiff's claims were inextricably intertwined with state court criminal and civil proceedings, and that it was further clear that Plaintiff had remedies available under state law that she was pursuing.

By Order (Doc. 6) entered June 11, 2024, the Court dismissed Plaintiff's Complaint, without prejudice, pending finalization of state court proceedings, including any available appeals. On October 29, 2026, Plaintiff filed the Motion for Relief under Rule 60(b).

## II. STANDARD

Federal Rule of Civil Procedure 60(b) provides six grounds on which "the court may relieve a party . . . from a final judgment, order, or proceeding." Plaintiff does not state which subsection she asserts as the basis for her Motion for Relief. A Rule 60(b) motion "must be made within a reasonable time" and for the first three grounds,[2] the motion must be filed no

---

[1] Plaintiff now asserts she was never a legal resident of Georgia but was only temporarily present in Georgia. (Doc. 8 at 1). Plaintiff is now apparently residing in Florida. (*See id.* at 2).

[2] Those three grounds are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(1), (2), (3).

more than a year after entry of the order. *See* Fed R. Civ P. 60(c)(1). The Motion for Relief was filed approximately twenty-eight months after entry of the Court's June 11, 2024 Order dismissing this case. Thus, assuming without deciding that a delay of twenty-eight months is reasonable, the only available grounds under which Plaintiff could have filed the Motion for Relief are Rule 60(b)(4) if the judgment is void; 60(b)(5) if the judgment has been satisfied, released, or discharged; based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 60(b)(6) for any other reason that justifies relief. As Plaintiff has not asserted that the July 11, 2024 Order is void or satisfied, released, or discharged or that Rule 60(b)(5) is otherwise applicable, the Court assumes Plaintiff intended to file the Motion for Relief under Rule 60(b)(6) under which "a court may grant relief for 'any other reason justifying relief from the operation of judgment.' Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (alterations adopted) (internal citations and quotation marks omitted).

Courts in the Eleventh Circuit "liberally read briefs filed by *pro se* litigants." *Reeves v. DSI Sec. Servs.*, 331 Fed. App'x 659, 661 (11th Cir. 2009) (per curiam) (citing *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997)); *see GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education"), *overruled on other grounds by, Swann v. S. Health Partners, Inc.*, 388 F.3d 834 (11th Cir.2004). However, "even in the case of *pro se* litigants this leniency does not give a court license to serve as a *de facto* counsel for a party, … or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs.*, 132 F.3d at 1369 (citation omitted). Nor does it require courts to ignore the Rules; "a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow." *Diaz v. AT&T Mobility*, No. 1:10-CV-3356, 2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), adopted by, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013). In summary, "[c]ourts show leniency to *pro se* litigants, however, *pro se* litigants are still required to conform to the procedural rules, and the court is not required to rewrite deficient pleadings." *Jacox v. Dep't of Def.*, 291 Fed. App'x 318, 318 (11th Cir. 2008) (per curiam) (citing *GJR Invs.*, 132 F.3d at 1369).

## III. Analysis

As with her Complaint, Plaintiff's Motion for Relief is mostly incoherent and does not appear to relate to her Complaint in this case. The Motion contains conclusory allegations that Defendants initiated groundless, malicious citations and bench warrants against Plaintiff without having jurisdiction over her and that they transmitted invalid files "across the National Crime Information Center interstate networks." (Doc. 8 at 1). Plaintiff asserts that Defendants interfered with her "professional healthcare provider credentials" which "triggered the complete cutoff of Altwan's federal Medicaid care hours and food stamp infrastructure." (*Id.* at 2). Plaintiff attached to the Motion for Relief copies of documents involving a civil RICO lawsuit she and Mr. Davis filed in the United States District Court for the Western District of New York, Case No. 6:24-cv-06662-EAW ("RICO Case"). It is unclear, and Plaintiff does not explain, how the allegations and assertions in the Motion for Relief, or those in the RICO lawsuit attached to the Motion, have any connection with the matter that was before the Court in this case.[3]

Viewing the Motion for Relief in the most liberal light, the Court finds that Plaintiff has not presented any circumstances, let alone extraordinary circumstances, for the Court to grant relief from the Order (Doc. 6) entered June 11, 2024.

## IV. Conclusion

Accordingly, Plaintiff's Motion for Relief from Judgment Pursuant to FRCP 60(b) and Notice of Extradistrict Predicate Extortion (Doc. 8) is **DENIED**.

**SO ORDERED**, this 4th day of November 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

[3] As relief, "Plaintiffs request that this Court review these facts to determine that the underlying Georgia mechanisms are not legitimate state prosecutions subject to federal abstention, but are active, multi-state tools utilized to cause severe proprietary and physical deprivation to a disabled federal litigant." (Doc. 8 at 2).